No. 63.—MASON & WALDRIP, plaintiffs in error, *vs.* DEAN & NASH, defendants in error.

[1.] In accordance with the practice which prevails in most of the circuits in this State, costs cannot be taxed against the losing party for the attendance of witnesses who were summoned but not sworn.

Illegality, in DeKalb Superior Court. Decided by Judge HILL, March Term, 1851.

At the September Term, 1849, of DeKalb Superior Court, a bill in Equity, wherein Dean & Nash were complainants, and Mason & Waldrip were defendants, was dismissed and order passed by the Court, that the defendants have leave to enter up judgment for the cost against the complainants. Judgment was accordingly entered up and a *fi. fa.* issued thereon. To this *fi. fa.* the defendants, Dean & Nash, filed an affidavit of illegality, upon the following grounds:

"Because said *fi. fa.* was issued from a judgment rendered against these defendants in favor of said plaintiffs for cost, in a suit in Equity, in the Superior Court of DeKalb County, wherein these defendants were complainants and the said plaintiffs were defendants, which said suit was dismissed before any of the witnesses subpœnaed by the defendants in said suit, were required to testify, and these defendants say that the said sum of $70 50 cts. for which said *fi. fa.* is proceeding, is composed of the sums sworn to, and claimed to be due by Thomas Rusk and others, witnesses subpœnaed by the defendants in said suit in Equity and plaintiffs in *fi. fa.* who were not sworn in said case."

On the hearing of the affidavit of illegality, the Court sustained the same, on the ground that the witnesses of Waldrip & Mason, were not sworn in the Equity cause, and counsel for plaintiffs in error excepted.

MURPHY & EZZARD, for plaintiffs in error.

CALHOUN, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] If it were not for the well authenticated practice which has obtained in almost every circuit of this State, of not allowing cost to be taxed for witnesses who are not sworn, we should feel somewhat embarrassed as to the proper course to be adopted.

The rule which has been established, is simple and practical, and easy to be understood. It cannot be doubted, however, that it frequently works much hardship and injustice to the successful suitor.

Admissions of facts may be made at the trial, which would render the examination of the witnesses unnecessary, though proof of such facts may be essential to the party's case, and therefore, the attendance of the witnesses was indispensable.

So too, the testimony may be rendered unnecessary by the course of pleading; the decision of the Court upon matters of law, or the discontinuance of the cause by the adverse party, as in the present instance. Still, in all these cases, if the witnesses were summoned fairly to testify to facts which are material, but the cause takes such a turn that their testimony is not wanted, there is no good reason why the expense of their attendance should not be taxed against the losing party, it being a charge which the gaining party has necessarily incurred.

On the other hand, no rule could be well enforced, unless it goes to the extent of taxing the losing party with the attendance of all witnesses who are subpœnaed, no matter at what stage he is cast or discontinues his suit; and thus trust the whole matter to the fairness and integrity of counsel, under whose advice and direction the cause is usually prepared for trial.

A provision might be made to require the party to verify the facts by affidavit, whenever there were reasonable doubts or suspicion entertained, that witnesses had been unfairly summoned. This, perhaps, would be restriction enough, when it is recollected that the parties will probably be deterred from subpœnaing more

witnesses than he honestly thinks to be necessary, from the fact that the event is uncertain and the expense may fall upon him.

But these are considerations to be addressed to the Legislature, rather than the Court, and to that body we are disposed to refer the subject, leaving the practice in the meantime, as we find it, which has grown up under our own Statutes. Should a contrary practice prevail in any particular circuit, for myself, I should feel unwilling to disturb it. Here the decision is in accordance with the practice in the Coweta Circuit, as admitted by counsel in the argument.

Judgment affirmed.