SOUTHERN RAILWAY COMPANY v. DALTON TELEPHONE COMPANY.

LUMPKIN, J.  Where an action for damages was settled by the payment by the defendant to the plaintiff of an agreed sum, and it was further agreed that the defendant would pay "the costs in said case," this included all costs in the case, and not merely such as might have been taxed against the defendant if the case had proceeded to trial and resulted in a verdict for the plaintiff.  The legal fees of witnesses summoned by the plaintiff before such settlement formed a part of the costs of the case covered by such agreement, and there was no error in taxing such fees as costs against the defendant, under the settlement made.

(a) Civil Code § 5990, which declares that "No party plaintiff or defendant shall be liable for the costs of any witness of the adverse party, unless such witness was subpoenaed, sworn, and examined on the trial of said cause (or the plaintiff voluntarily dismisses his cause before trial)," does not control the question here involved.  By reason of the settlement there could be no trial.  Nevertheless the fees of the witnesses were a part of the costs of the case, which were assumed by the defendant by agreement.

(b) Neither Civil Code § 5992, nor the decision in *Holmes* v. *Huguley*, 136 *Ga.* 758 (72 S. E. 38), militates against the ruling here made.

*Judgment affirmed.  All the Justices concur.*

MAY 11, 1916.

Taxation of costs.  Before Judge Fite.  Whitfield superior court.  April 16, 1915.

*Maddox, McCamy & Shumate* and *George G. Glenn,* for plaintiff in error.  *F. K. McCutchen* and *W. E. Mann,* contra.