32799. OWENS, Clerk, etc., v. MADDOX,
Solicitor-General, *et al.*
32803. REESE v. MADDOX, Solicitor-General, *et al.*
32804. MADDOX, Solicitor-General v. JOHNSON,
Sheriff, *et al.*

868

DECIDED FEBRUARY 17, 1950.

*Wright, Rogers, Magruder & Hoyt,* for Owens (32799).
*Harris & Harris,* for Reese.

*Lanham, Parker & Clary,* for Johnson (32803).

*M. C. Barwick, Gambrell, Harlan & Barwick, James C. Hill,* as amici curiae.

*W. T. Maddox, Solicitor-General,* for plaintiff (32804).

PER CURIAM. W. T. Maddox, as solicitor-general, filed his petition in Floyd Superior Court for a declaratory judgment, naming D. G. Johnson, sheriff; Melvin Owens, clerk of the superior court; and George S. Reese, a justice of the peace, as defendants, and asking the court to declare the rights of the parties as to costs in a criminal case in which all parties had certain rights as to fees.

The petition alleged: A county policeman swore out a warrant before the defendant Reese, charging J. T. Brown with the offense of possessing and transporting illegal whisky. Pursuant to such warrant Brown was arrested and put in Floyd County jail, then released under a bond set by the sheriff without any committal trial or specific waiver thereof. Maddox, the solicitor-general, prepared a bill of indictment charging in three separate counts the offenses of possessing more than a quart of whisky in a dry county, possessing non-tax-paid whisky, and transporting whisky in a dry county, and this indictment was returned as true by the grand jury after hearing evidence from four witnesses subpoenaed by the clerk. The clerk entered and docketed the indictment and issued four subpoenas for witnesses to appear at the trial of the case, but the defendant came in before trial and entered his plea of guilty to all counts in the indictment and was fined $200, including the costs of the case, which he paid, and he was given a probation sentence. Each of said officers prepared his bill of costs in the case, which was approved

by the judge of the superior court, who ordered payment out of the solvent funds. The petitioner refused to pay portions of such bills of cost, and filed the petition for a declaratory judgment, asking the court to rule on what costs were properly chargeable in said matter. The issues were tried before the judge of the superior court, who rendered a judgment upon the specific questions raised, and all parties to the proceeding, with the exception of the sheriff, entered their exceptions to that judgment.

The questions presented for determination, and the judgment of the trial court thereon, are:

(a) Is a justice of the peace entitled to claim from a solvent fine a fee for the examination of a witness in a criminal case where the only basis for such claim is the administering of the oath to the prosecutor at the time the warrant is issued?

(b) Is a justice of the peace entitled to claim from a solvent fine a fee for the waiver of a committal hearing when there is no specific waiver of such hearing?

The judge of the superior court held that the justice of the peace was not entitled to said fees in this case.

(c, d) Is the clerk of the superior court entitled to a fee of 15¢ or 50¢ for subpoenaing witnesses before the grand jury and the petit jury?

The order of the trial judge held that he was entitled to only 15¢ for each such subpoena.

(e) Is the clerk of the superior court entitled to a fee of $3 for filing and docketing a bill of indictment in addition to his fee of $9 for his services in a criminal case?

The trial judge ruled that the clerk was not entitled to the additional $3 fee.

(f) Is the clerk of the superior court entitled to a fee of 75¢ for recording a probation sentence in addition to the fee of $9 for his services in a criminal case?

The trial judge ruled that he was not entitled to the fee of 75¢ in addition to his fee of $9 for services in a criminal case.

(g) Is the solicitor-general entitled to a fee of $5 for each separate offense charged in a bill of indictment, or only to a fee of $5 for each defendant named in the indictment?

The trial judge held that the solicitor-general was not entitled

to a fee of $5 for each separate offense charged in the indictment, but was entitled only to a fee of $5 for each defendant named in the indictment.

■ Code § 24-1601, fixing the fees of justices of the peace, was amended by an act of the General Assembly (Ga. L., 1949, pp. 956-959) by striking the entire section and adding in lieu thereof a new § 24-1601 fixing the fees of justices of the peace of this State, which provides, in part, as follows:

"Each criminal warrant issued _____2.00

Taking examination of person charged with criminal of-
fense _____2.00

Examination of each witness in criminal case_____ .50

Making out commitment _____ .75

Judgment in each criminal case _____1.00

Waiving committal trial _____1.00."

The defendant in the case was arrested and carried to jail where the sheriff fixed his bond. He was not carried before the justice of the peace. There was no committal trial, no demand for a committal trial, nor was there any waiver of a committal trial. The only act performed by the justice of the peace was the preparation of the warrant and the administering of the oath to the prosecutor in the affidavit upon which the warrant issued. Under the facts of the case here presented, the justice of the peace was not entitled to a fee of 50¢ for the examination of a witness in a criminal case, as there was no trial and no witness examined upon a trial; nor was he entitled to a fee of $1 for waiving a committal trial, as there was no such waiver before said official. Under the facts he was entitled only to a fee of $2 for issuing the warrant, and the trial judge properly so ruled.

■ The court erred in adjudging: (a) that the clerk of the superior court was entitled to a fee of only 15¢ for the issuance of subpoenas for witnesses to appear before a grand jury or a trial jury in a case where the defendant pleaded guilty and paid the fine imposed; (b) that such clerk was not entitled to a fee of $3 for services in entering and docketing a bill of indictment in a case where the defendant pleaded guilty and paid the fine imposed; and (c) in adjudging that such clerk was not entitled to a fee of 75¢ for his services in recording a probation sentence

on the minutes of the court in a case where the defendant pleaded guilty and paid the fine imposed.

The act of 1881 (Ga. L., 1880-1, pp. 87-89) provided: "In criminal cases—

> For service in docketing and entering bills of indictment or presentments on minutes in case of nolle prosequi _____$3.00
>
> For service in cases where defendant is tried, or pleads guilty, or there is settlement _____ 5.00
>
> For transcribing and recording evidence in State cases, per 100 words _____ .15
>
> For recording forfeitures of bond on minutes_____ 1.00
>
> For issuing scire facias after forfeiture, original _____ 1.50
>
> For each copy _____ 1.00
>
> For each subpoena _____ .15."

This act was codified as Code § 24-2727 except that the last item was omitted from the codification. In 1946 the General Assembly passed an act (Ga. L., 1946, p. 225) entitled "An Act to amend 'An act to prescribe the fees of the Clerks of the Superior Courts in this State, and to provide for the payment of the same,' approved September 27, 1881 (Acts 1880-81, page 87) and designated as Sections 24-2727 and 24-2728 of the Code of 1933; and for other purposes." In this act the fees applicable to criminal cases are as follows:
"In criminal cases:

> For service in entering and docketing bills of indictment, presentments, no bills and/or accusations or indictments and/or accusation record _____$3.00
>
> For services in cases where the defendant is tried, or pleads guilty, or there is a settlement_____ 9.00
>
> For service in docketing and entering bills of indictment or presentments on minutes in cases of nolle prosequi _____ 4.00
>
> For issuing each summons _____ .50
>
> For entering any record on minutes, not specified, per 100 words _____ .20."

This act of 1946 provided that all laws in conflict therewith were repealed, but that all statutes or law in force which provide compensation for clerks of the superior courts for the discharge

of duties not therein enumerated or provided for should remain in full force and effect. The annotated Code Cumulative Pocket Supplement includes 15¢ for each subpoena *and* 50¢ for each summons.

It seems to us that it is beyond question that the General Assembly intended to increase the fee for issuing a subpoena from 15¢ to 50¢. While it changed the word from "subpoena" to "summons," in the context here both words mean the same thing. Our courts have long used the words as synonyms. *Mason* v. *Dean*, 10 *Ga.* 443; *Phillips & Co.* v. *Collier*, 87 *Ga.* 66 (13 S. E. 260); *Southern Ry. Co.* v. *Dalton Tel. Co.*, 145 *Ga.* 189 (88 S. E. 940). Many cases from other States are to the same effect. See also Code, § 38-1501. The conclusion we have reached is demanded, we think, by the further fact that there is no other duty performed by a clerk of the superior courts in a criminal action which could be designated or described as the issuing of a summons except the issuing of a writ to a witness directing him to attend court. If the word "summons" as used in the act of 1946 does not mean "subpoena" it has no meaning whatever. It certainly does not refer to civil process or a summons issued by a justice of the peace, or to summons issued by municipal forums. See *Venable* v. *Atlanta*, 7 *Ga. App.* 190 (66 S. E. 489).

The act of 1946 added a fee of $3 "For service in entering and docketing bills of indictment, presentments, no bills and/or accusations or indictments and/or accusation record." The question here is whether the act intends for the fee to be collected in addition to the $9 for services where the defendant is tried, or pleads guilty, or there is a settlement. Counsel have been able to suggest only one instance in which the $3 fee would apply if an indictment was returned and the case was not settled, tried or dismissed or a plea of guilty entered, and that is where the case is transferred to the dead docket. We do not think the General Assembly would have adopted such a circuitous method of doing such a simple and uninvolved thing. We think it intended to fix the $3 fee for each item named in addition to other fees for services in connection with each case. If we are mistaken the error can be very quickly and easily corrected.

The same reasoning applies to the fee fixed "For enter-

ing any record on minutes, not specified, per 100 words_____20."
The probation sentence seems clearly to be a record not otherwise specified in the fee-fixing statutes.

■ Code, § 24-2904, provides that the fees of a solicitor-general are, in part, as follows:

"Each person prosecuted for a capital offense_____50.00

Each person prosecuted to trial or plea of guilty for
any other felony, or for any violation of the laws
against gambling _____25.00

When any person is indicted or prosecuted for assault
with intent to murder, and shall be convicted or
plead guilty of assault and battery, or assault_____ 5.00

Each person indicted or presented _____ 5.00

Each person prosecuted to trial or plea of guilty for
any offense not otherwise provided for_____ 5.00."

It is contended by the solicitor-general that, in addition to his fee of $5 for the indictment, he is entitled to a $5 fee for each offense charged in the indictment upon which there is a conviction or plea of guilty, under the last-quoted provision of this Code section. We do not think that the contention of the solicitor-general in this respect can be sustained. It will be observed that the Code section fixes the fee of the solicitor-general for "each person" prosecuted for a capital offense; for "each person" prosecuted to trial or a plea of guilty for any other felony, or for gambling; for "any person" indicted or prosecuted for assault with intent to murder, who is convicted or pleads guilty of assault and battery, or assault; for "each person" indicted or presented—this means a fee of $5 for the indictment. The Code section then fixes the fee of the solicitor-general at $5 for "each person" prosecuted to trial or a plea of guilty for any offense not otherwise provided for therein. There are numerous misdemeanors listed in the Code which are not mentioned in this Code section, and this last provision of said Code section fixes the fee of the solicitor-general at $5 for each person prosecuted to trial or where there is a plea of guilty for such offense, that is, for any offense not otherwise provided for in said Code section. This means that the solicitor-general is entitled to a fee of $5 for each defendant in such an indictment who is prosecuted to trial or who pleads guilty; and it does not mean

that he is entitled to a fee of $5 for each offense charged in the indictment where the defendant is convicted or pleads guilty to more than one offense in the indictment.

The trial judge properly ruled that the solicitor-general was not entitled to a fee of $5 for each separate offense charged in the indictment, but was only entitled to a fee of $5 for each defendant named in the indictment, upon conviction or a plea of guilty of one or more offenses charged therein.

Pursuant to the act of the General Assembly, approved March 8, 1945 (Ga. L. 1945, p. 232, Code, Ann. Supp., § 24-3501), this case was considered and decided by the court as a whole.

*Judgment affirmed in cases number 32803 and 32804; judgment reversed in case number 32799. All the judges concur.*