43495.  GRUBBS v. DUSKIN et al.

WHITMAN, Judge.  The petition in this case is against J. W. Duskin, individually and d/b/a Dawson Milling Co., and Eli Sampson, and seeks to hold them liable to plaintiff, Mrs.

Jewell Grubbs, for the wrongful death of her husband in an automobile collision.

The substance of plaintiff's allegations is that her husband was killed when he, while driving his car and heading south on U. S. Highway No. 27 toward Cedartown at 12:30 at night, came upon a tractor-trailer truck which was improperly parked along the highway, i.e., was parked on the decedent's southbound side of the highway but within 11 feet of the center line and headed north; that with relation to southbound traffic the truck was parked at the crest of a hill or grade in a curved area of the highway with its bright lights focused down the hill into the southbound lane of traffic and into the eyes of approaching drivers using the highway; that as her husband approached the crest of the hill he was completely blinded by the truck's bright lights shining in his eyes; that upon being blinded, his reaction was that of a reasonably prudent person in that he turned his vehicle to the right, so as to pass defendant's vehicle on his own right-hand side; and that in so doing his vehicle collided with a pile of rocks and broken concrete 4 feet west of the tractor-trailer truck, which collision caused decedent's death.

The petition alleges that the defendants were negligent in several particulars, including charges that they were negligent per se (1) in failing to depress or dim the truck's headlights as required by Code Ann. § 68-1710 (c), and (2) in parking the truck within 11 feet from the highway center line in violation of Code Ann. § 68-1670.

The plaintiff appeals from an order of the trial court sustaining defendant's general demurrer to the petition and enumerates same as error. *Held:*

1. "If a defendant is chargeable with any act of negligence alleged in the petition, his general demurrer should be overruled." *Taylor v. King,* 104 Ga. App. 589 (3) (122 SE2d 265). "The omission of specific acts of diligence prescribed by statute or by a valid municipal ordinance is negligence *per se.*" *Central R. & Bkg. Co. v. Smith,* 78 Ga. 694 (1) (3 SE 397). An act defined by the law as negligence *per se* is not issuable as to whether it is negligence. But what is issuable is whether such act was committed and was the proximate cause of the injury or damage claimed to have been sustained. If not, there may be no recovery. However, such questions are questions of fact and can be determined only by a jury.

84

As we view the plaintiff's petition it contains the allegations necessary to withstand the attack of a general demurrer. See *Atlanta Paper Co. v. Sigmon*, 82 Ga. App. 730, 734 (62 SE2d 363).

2. Defendants bring to the court's attention the fact that the petition affirmatively alleges that it was a very overcast and dark night, that decedent was traveling 65 miles per hour and that he observed the lights of defendants' vehicle at a time when he was 300 feet from them, although it is alleged that decedent did not become blinded until he was 100 feet away. These allegations would bar a recovery only if they plainly and indisputably led to the conclusion that decedent's death was caused solely by his own negligence or that decedent failed to exercise ordinary care to avoid the consequences of the defendants' negligence when it became apparent or should have become apparent to him. In our opinion the petition sets up facts from which reasonable minds can differ as to the cause of the injury and which are sufficient to carry the case to the jury. *Long Constr. Co. v. Ryals*, 102 Ga. App. 66 (1) (115 SE2d 726). The defendants' general demurrer should have been overruled.

3. The Supreme Court in a recent decision, handed down after the above determination was made in this case, ruled that the court must apply the new rules of the Civil Practice Act regardless of when the judgment was entered below. *Hill v. Willis*, 224 Ga. 263 (1) (161 SE2d 281). Under the Civil Practice Act a complaint is sufficient if it states a claim for which relief may be granted. See *Harper v. DeFreitas*, 117 Ga. App. 236 (1) (160 SE2d 260). Having already found the complaint sufficient as against a general demurrer, it must also be regarded as sufficient under the new rules.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED MARCH 4, 1968—DECIDED JUNE 25, 1968.

*James I. Parker, R. R. Jones,* for appellant.

*Perry, Walters, Langstaff & Lippitt, Jesse W. Walters,* for appellees.