43502.     BAILEY v. THE STATE.

WHITMAN, Judge. The appeal in this case is from a judgment of conviction and sentence for the offense of abandonment of a dependent, which is a misdemeanor. The enumerations of error are that the trial court erred (1) in overruling defendant's challenge to the array of jurors, (2) in overruling defendant's motion to dismiss the accusation on the ground that the defendant was not named in the affidavit of the prosecutor, and (3) in overruling defendant's motion to dismiss the accusation and warrant on the ground that the warrant did not have attached thereto the seal of the officer purporting to issue it and was therefore not complete and proper in form. *Held:*

1. Defendant's challenge to the array was made upon the grounds that: (1) The jurors selected to serve at the term of court at which defendant was tried were chosen from the

books of the tax receiver pursuant to *Code Ann.* § 59-106[1] and were not composed of the most experienced, intelligent and upright men within the requirements of the Georgia Constitution, Art. VI, Sec. XVI, Par. II (*Code Ann.* § 2-5102); and (2) that the jurors were selected in fact by excluding all persons who were not on the tax receiver's books and therefore were not fairly and impartially selected.

The case of Whitus v. Georgia, 385 U. S. 545 (87 SC 643, 17 LE2d 599), upon which defendant relies, held that the selection of jurors from. segregated tax digests constitutes a prima facie case of purposeful discrimination on the basis of race or color. Indeed, the former statutory requirement that the tax receivers maintain separate listings for white and colored taxpayers had been deleted. Ga. L. 1966, p. 393. Defendant's stated contention is that prospective jurors were excluded in his case because of their financial status, i.e., those who owned no property did not appear on the tax digest.

The same basic contention was made and held to be without merit in *Avery v. State*, 209 Ga. 116 (70 SE2d 716), reversed on other grounds, 345 U. S. 559 (73 SC 891, 97 LE 1244). The court stated at page 121 that: "Our constitutional demand is for a jury list composed of upright and intelligent men—not that every upright and intelligent man be included in the list—and from this list grand jurors must be selected. Accordingly, it cannot be held that *Code* § 59-106, which provides for the selection of grand and traverse jurors exclusively from the books of the tax receiver—his tax digest—is violative of our Constitution because it does not also permit the board of jury commissioners to select grand and traverse jurors from among those men who make no tax returns." These grounds of the defendant's challenge to the array were properly overruled.

An additional ground of defendant's challenge to the array was that the statute enacted by the General Assembly for the selection of juries violates certain sections of the Constitutions of the United States and Georgia. The question raised is one within the exclusive jurisdiction of the Georgia Supreme Court and was passed on adversely to appellant by the trans-

---

[1]*Code Ann.* § 59-106 was amended by Ga. L. 1967, p. 251, to provide for the basic selection of jurors from the official registered voters' list.

fer of the case to this court. See *Bailey v. State,* 224 Ga. 36 (159 SE2d 286).

2. The record shows that the defendant was named in the affidavit of the prosecutor. Therefore this enumeration is without error.

3. The record shows that the arrest warrant was signed by a justice of the peace. There is no requirement that a seal be attached to the instrument and there is no contention that the person who signed it was not a justice of the peace. This enumeration is without merit.

*Judgment affirmed. Felton, C. J., and Eberhardt, J., concur.*

SUBMITTED MARCH 4, 1968—DECIDED JUNE 26, 1968.

*Marson G. Dunaway, Jr.,* for appellant.