## 48314. GILL v. DECATUR COUNTY.

CLARK, Judge. This appeal results from a declaratory judgment action filed by Decatur County, as a political subdivision against Elizabeth Gill in her capacity as Justice of the Peace of the 513th Militia District. A justiciable controversy was alleged in the complaint and admitted by the answer. The matters for determination were the amount of fees properly chargeable for certain J. P. services.

Hon. Robert Culpepper, Jr. heard the matter and rendered an opinion favorable to Decatur County in all respects. The J. P. then brought this appeal in which she enumerated error as to all matters with one exception. She has not contested the court's ruling that appellant "is not entitled to exact cost in advance as a condition to issuance of warrant." (R. 15). The other matters determined are treated as a caption to each point in the form of a question by the trial judge, Hon. Robert Culpepper, Jr. Because Judge Culpepper's exhaustive opinion represents the views of this court we adopt it *in toto*. It reads as follows:

When costs are due justices of the peace after termination of case, from *what source and by whom are they paid?*

It appears to be the sense of the law that in cases where (1) party has been acquitted; or (2) when they are unable to pay costs; or (3) where there is no county court and the party is bound over by justice of the peace, or has been committed to jail in default of bail, and the grand jury returns a "no bill," or, when, after an investigation, party has been discharged by the justice; or (4) in counties where there are no county courts, in felony cases; and in misdemeanors where indictments have been demanded; the costs due justice of peace and constables are payable *only out of fine and forfeiture fund* upon the order of the judge of superior court, and are of equal dignity with the accounts of the superior court officers and entitled to pro rata distribution. This means that costs in cases such as set out above are *not* payable out of the general treasury of the county.

However, in cases where warrant has issued and resulted in an accusation or indictment, and a *conviction* has been had, under provisions of Code §§ 27-2928, 27-2929, 27-2930, 27-2931, 27-2932 and 27-2933, the costs due justice of peace and constables, upon proper verification, *are payable out of general county treasury.* In view of the provisions of § 27-2933 that all claims for fees of justices of the peace shall be paid from the funds arising from fines imposed in criminal cases before any order of any claimant shall be paid, it appears that even in cases of conviction, costs should first be paid out of fine and forfeiture fund, and, if such fund is insufficient in a given case, then out of the general county treasury.

For issuing a warrant, does the fee of $4 as set forth in schedule of fees in Code § 24-1601 cover all services in connection with issuance of warrant, or is defendant entitled to additional fee of $1 for docketing the case, $.50 for seal and $.50 for filing papers in each *case as sought to be charged by defendant?*

The schedule of fees of justice of the peace embraced in Code § 24-1601 provides for a charge of $4 for each warrant issued. Defendant contends that in addition to such charge for each warrant issued, she is entitled to $1 for docketing the case, $.50 for seal on the warrant, and $.50 for filing the papers. While the exact point was not involved in case of *Owens v. Maddox,* 80 Ga. App. 867 (57 SE2d 826), the clear import of the decision is that the $4 warrant charge embraces all of the services connected with the issuance of a warrant.

In *Owens,* the justice of peace had made the flat then charge of $2 for issuing warrant, and had added $.50 for examination of a witness in a criminal case, and $1 for waiving a committal trial. It was held that he was not entitled to the fee for examination of witnesses, as there was no trial, and not entitled to fee for waiver of committal trial, as there was no waiver before said officer. In headnote 1 (c) it is stated: "Under the facts of this case the justice of the peace was only entitled to a fee of $2 for issuing a criminal warrant."

In the enumeration of charges for justices of the peace in the foregoing Code section, after setting forth charge for trial of each case, there is the charge for "docketing each case," meaning a case that was tried in justice court, as it is followed by charge for "Each witness sworn" and "Issuing such execution," all of which relate to an actual case trial in justice court. We hold that issuing a warrant is not a "case" in justice court which would

justify a charge for docketing same, but is only the beginning of a possible criminal "case" in some other court.

In the *Owens* case, it was held that the officer was not entitled to $.50 for examination of a witness in criminal case, as there was no case. By the same reasoning, the defendant justice of the peace in this case could not charge $1 for docketing a case when there was no case in her justice court. This line of reasoning is sustained in the case of *Ormond v. Ball,* 120 Ga. 916 (48 SE 383), in which it was held: "4. The issuing of a criminal warrant by a justice of the peace is a judicial act, performed by a judicial officer, and is the beginning of a judicial proceeding, but it is not the act of a court. 5. The court of inquiry does not come into existence until the accused has been 'legally arrested and brought before' the magistrate and a court organized for the purpose of examining into the accusation. . . 7. The officer to whom the warrant is delivered for execution has some discretion with reference to the judicial officer before whom the warrant shall be returned, and the magistrate who issues it can not become a court if the warrant should not be returned before him."

Thus, the justice of the peace, for merely issuing a warrant, cannot also at the same time charge $1 for docketing the case, as there is no such case at the time, and a "case" with reference to such warrant only comes into existence when and if the arresting officer should bring before the issuing officer the person arrested under the warrant, seeking committal hearing, or waiving same and asking for bond. The same rule applies to the $.50 charge for filing papers in the case. At the time of the issuance of warrant, there is no case in justice court in connection with which one could file any papers, and the warrant is not actually filed with the justice of the peace but is returned and filed in either superior court or other trial court.

There is no requirement for a seal either on a warrant or a search warrant; and, therefore, the charge for same is not valid. See Code § 27-304 and the case of *Bailey v. State,* 118 Ga. App. 93 (162 SE2d 786).

We hold that for the issuance of warrant, and the mere record of same in the docket, the total charge is $4 and no further charges are authorized until and unless the person arrested should be brought before a magistrate for a committal hearing, or waiver of hearing and fixing of bond.

The duty of the arresting officer when one *is arrested either with*

*or without warrant:* When one is arrested on a misdemeanor, the sheriff is authorized to fix and accept bond, as provided in Code § 27-902. Capital offenses are bailable only before a judge of the superior court. (Code § 27-901). All other cases, meaning non-capital felony cases, are bailable by the committing court (Code § 27-901), which could be a judge of the superior court, or justice of the peace, or city or town officer, who may be an ex-officio justice of the peace. (Code § 27-401).

The arresting officer has the discretion to carry the arrested person before the most convenient and accessible judicial officer authorized to hear the cause. (Code § 27-208).

It was held in *Paulk v. Sexton,* 203 Ga. 82 (4) (45 SE2d 768), that an arresting officer has no authority to accept bond on a felony, although it has been held that a bond fixed and accepted by an arresting officer, insofar as accused is concerned, is a valid bond. Code § 27-210 provides: "Every officer arresting *under a warrant* shall exercise reasonable diligence in bringing the person arrested before the person authorized to examine, commit or receive bail and in any event to present the person arrested before a committing officer within 72 hours after arrest. The arresting officer shall notify the accused as to when and where the commitment hearing is to be held. The offender who is not notified of the time and place of the commitment hearing, before the hearing, shall be released."

In cases where a person is arrested *without a warrant* the following rule obtains: Code § 27-212. "In every case of an arrest without a warrant, the person arresting shall without delay convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose, and any person who is not conveyed before such officer within 48 hours shall be released." When the arresting officer carries the person arrested before a proper officer, a court of inquiry comes into being and the accused is entitled to a committal hearing, if desired or he may waive committal hearing and have bond assessed. In the event of a committal hearing, the person holding the hearing, if such hearing officer also issued the warrant, would be entitled to the following costs: Issuing warrant — $4.00; docketing case — 1.00; each subpoena for witness (if actually issued) — .50; taking testimony in criminal case — 4.00; examination of each witness in criminal case — 1.00; making out commitment or judgment in each case — 1.00.

If the hearing officer did not issue warrant, the $4 charge for warrant would be eliminated.

If the person accused waived committal hearing and a bond is fixed, then the following would be the proper charges of the committal officer: Waiving committal trial — $2.00; making out recognizance and returning same to court — $2.00.

If the hearing officer issued the warrant in a case where a committal hearing was waived, then the cost of the warrant would be added to the waiver and recognizance fee.

There are certain instances in the record where the arresting officer simply called the justice of the peace and inquired what bond she would fix in a case where a committal hearing was waived; and we hold, in such event, that this was an implied waiver of committal hearing, although not in writing, and such officer would be entitled to the charge of $2 for waiving committal hearing, but since having exercised no function in connection with execution of bond or returning same to court, there should be no charge for drawing recognizance and returning same to court.

This practice should be discouraged as a record should be made in writing of the waiver, but from a practical standpoint, the arresting officer has the warrant, a bond form is printed on the back of the warrant, and it is he in fact who in substantially all cases has the bond executed and returns the warrant to court.

*Judgment affirmed. Hall, P. J., concurs. Evans, J., concurs specially.*

SUBMITTED JULY 9, 1973 — DECIDED SEPTEMBER 20, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*Harold Lambert,* for appellee.

EVANS, Judge, concurring specially. I concur in the results reached by the majority opinion and in affirming the trial judge, but I do not agree with all that is stated in the opinion, including the statement that this court adopts the lower court's exhaustive opinion in toto.

Among other matters with which I am not in agreement is the flat assertion therein (p. 697) that certain costs of justices of the peace in criminal cases can be collected out of the general treasury *only in certain instances,* which instances are then discussed. This statement should be amended to show that criminal costs may be collected by justices of the peace from the general treasury in

certain other categories, where legislation has been enacted for that purpose. For one such instance see Georgia L. 1939, at pp. 339, 340. There may be others. Again, at page 700 it is stated: "The arresting officer has the discretion to carry the arrested person before the most convenient and accessible judicial officer authorized to hear the cause. (Code § 27-208)." A very vital and important part of the statute is omitted here, and we add same, which reads as follows: "*unless the prisoner shall desire otherwise; in which case, if there be no suspicion of improper motive, the arresting officer shall carry him before some other judicial officer. In no case has a prisoner the right to select the justice before whom he shall be tried.*" (Emphasis supplied.)

We must not lose sight of the prisoner's rights, and a very important one is that, while he may not select the magistrate before whom he is to be tried in a preliminary proceeding, he does have an absolute right to object to being tried before the first magistrate before whom he is carried; and in effect, the prisoner has one strike, which he may exercise, as to which committal magistrate shall try his case.