## 56662. REED v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant, a justice of the peace, was convicted of malpractice in office and appeals to this court. *Held:*

1. The evidence was sufficient to sustain the verdict.

2. The defendant was indicted on two counts for charging fees in excess of the legal costs. See Code Ann. § 24-1601 (Code § 24-1601, as amended through Ga. L. 1977, pp. 196, 197). The trial judge in instructing the jury gave the following charge with reference to what those legal costs were. "I charge you members of the jury that in the event of a committal hearing, the person holding the hearing if such hearing officer also issued the warrant would be entitled to the following cost[s]: issuing the

warrant $4.00; docketing $1.00; taking testimony in criminal case $4.00; examination of each witness in a criminal case $1.00; making out commitment or judgment in the case $1.00, or a total of $11.00."

This language was substantially taken from *Gill v. Decatur County,* 129 Ga. App. 697, 700 (201 SE2d 21) which delineated what costs a justice of the peace would be entitled to upon holding a committal hearing. However, here it is urged the evidence showed that in each case for which the defendant was found guilty of imposing excessive costs there were two witnesses and that the defendant in conducting each of the hearings examined the person charged with the criminal offense.

Code § 24-1601 provides for the following fees, inter alia: "Taking examination of person charged with criminal offense $4.00 . . . Examination of each witness in criminal case $1.00."

From an examination of the record we find there were two witnesses in each case but one of them was "the person charged" with the criminal offense. Such "person charged" would not be a witness for the purpose of entitlement to the $1 fee for "examination of each witness." Hence, it was not error to charge that only $1 for a witness might be imposed. However, even though the $4 cost for taking testimony of the person charged with criminal offense was not referred to in *Gill v. Decatur County,* 129 Ga. App. 697, 700, supra, it is a separate and distinct cost as included in the statute. We find it to be mutually exclusive of "Taking testimony in criminal case — $4.00" and other pertinent costs.

It was therefore error for the trial judge to omit, among the lawful costs, the $4 fee for "Taking examination of person charged with criminal offense" and to give as the total lawful costs the sum of $11 when under the evidence the correct total was $15.

3. The trial judge in his instruction to the jury charged not only the entire Code section (Code § 89-9907) which includes various means of committing malpractice in office, but also charged another Code section (Code § 24-606) dealing with malpractice and charging excessive costs. The instructions, therefore, contained matter different from that specifically alleged in the indictment

and were error under the principles enunciated under *Walker v. State,* 146 Ga. App. 237, 245 (246 SE2d 206). For this further reason, the judgment must be reversed.

*Judgment reversed. Webb and McMurray, JJ., concur.*

<small>SUBMITTED OCTOBER 16, 1978 — DECIDED NOVEMBER 28, 1978.</small>

*Oliver & Walters, James M. Walters,* for appellant. *Howard Oliver, Jr., Solicitor,* for appellee.