## 64365. WILLIAMS v. THE STATE.

POPE, Judge.
Paul Williams here appeals his conviction of theft by receiving stolen property, a college textbook. He was sentenced to twelve months probation and fined $150.00.

1. In appellant's first enumeration of error he asserts that the trial court erred in refusing to grant his motion for new trial in that the evidence was insufficient to support the jury's verdict of guilty. Basically appellant argues that the state failed to prove the knowledge element of the crime.

From the facts adduced at trial, the jury could reasonably have found that a textbook was stolen from a University of Georgia student, that appellant later had that book in his possession and that appellant caused a third person to sell the book for him at the university bookstore. The jury could have reasonably found further that appellant knew or should have known the book was stolen. See Code Ann. § 26-1806 (a). Facts probative of this guilty knowledge

include appellant's initial denial of any knowledge of the sale of the book to the bookstore when questioned by a university detective, the unusual circumstances of the indirect sale and also the patent incredibility of appellant's story on the stand. We hold that this evidence was sufficient to support a finding of guilty knowledge in this case. See *Prather v. State,* 116 Ga. App. 696 (1) (158 SE2d 291) (1967). See also *Thomas v. State,* 161 Ga. App. 159 (1) (288 SE2d 112) (1982); *Hudgins v. State,* 125 Ga. App. 576 (188 SE2d 430) (1972). We hold further that any rational jury could have reasonably found appellant guilty of each of the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant's second contention is that the trial court erred in instructing the jury on more of Code Ann. § 26-1806 than was applicable. As a general rule, the giving of an entire code section when only a part of it is applicable does not constitute reversible error. *Stevens v. State,* 247 Ga. 698 (13) (278 SE2d 398) (1981); *Ford v. State,* 232 Ga. 511 (12) (207 SE2d 494) (1974). It is only when the surplusage, taken with the remainder of the charge, misleads the jury into believing it can convict upon a specification in the code section not alleged in the indictment or accusation. *Walker v. State,* 146 Ga. App. 237 (2) & (3) (246 SE2d 206) (1978). See also *Kitchens v. State,* 159 Ga. App. 94 (3) (282 SE2d 730) (1981); *Crosby v. State,* 150 Ga. App. 555 (2) (258 SE2d 264) (1979); *Reed v. State,* 148 Ga. App. 264 (3) (251 SE2d 148) (1978).

We find that the instructions given by the court below were satisfactory. We are not persuaded contrarily by appellant's isolation of and emphasis on extracts from the charge. See *Howell v. State,* 157 Ga. App. 451 (6) (278 SE2d 43) (1981); *Clark v. State,* 153 Ga. App. 829 (2) (266 SE2d 577) (1980). Taken as a whole, the charge was tailored to fit the crime as alleged in the accusation and the evidence admitted at trial. *Crosby v. State,* supra; see also *Slack v. State,* 159 Ga. App. 185 (2) (283 SE2d 64) (1981); compare *Walker v. State,* supra.

Code Ann. § 26-1806 provides: "(a) A person commits theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained[1] with intent to restore

---

[1] Appellant asserts as error the fact that the court used the word "obtained" in the place of "retained" here. We find this slip of the tongue insignificant when considered in light of the remainder of the charge. Accord, *Galloway v. State,* 157 Ga. App. 85 (3) (276 SE2d 135) (1981).

it to the owner. 'Receiving' means acquiring possession or control or lending on the security of the property. (b) In any prosecution under this section it shall not be necessary to show a conviction of the principal thief." The court charged this section in its entirety with supplementary instructions for explanatory purposes.

Appellant complains of the inclusion of instructions on disposal of the book because he was not charged with violating this section in that manner. The accusation specified receiving the property, knowing it to be stolen or should have known so. However, as we noted in Division 1, supra, the state presented evidence of the disposal of the book to prove the knowledge element of the crime. The court's instructions pertaining to disposal of the property were given in conjunction with its instructions on intent and knowledge. They cannot be reasonably interpreted as tending to mislead the jury into believing appellant was charged with, and could be convicted of, disposing of the property unlawfully. Therefore, we find no error.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 15, 1982.

*Steve McElwee,* for appellant.
*Ken Stula, Solicitor,* for appellee.