## 65725. MATHIS et al. v. MANGUM.

POPE, Judge.
Plaintiffs Norma Jean Mathis and Ray L. Mathis sued defendant William T. Mangum, alleging that he was liable for the personal injuries they suffered as a result of the collision between his automobile and theirs. They sought $200,000 and $100,000 in damages respectively.

The case involved allegations and evidence of negligence per se in that both drivers, defendant and plaintiff Ray L. Mathis, assertedly violated traffic laws (including driving under the influence), as well as allegations and evidence of ordinary negligence

on the part of both drivers. The jury returned a verdict for plaintiff Norma Jean Mathis and awarded her $4,000 in damages. In regard to plaintiff Ray L. Mathis' claim, however, the jury found for defendant.

Plaintiffs now appeal, asserting that the trial court charged the jury in a harmfully confusing manner regarding their burden of proof and that the court erred in denying their motion for new trial on that ground. While conceding that the court correctly charged on the principles of negligence per se, plaintiffs nevertheless argue that the court's charge on ordinary negligence undermined the negligence per se charge so as to confuse the jury into believing that plaintiffs bore the burden of proving not only that defendant violated the certain traffic laws as alleged, but also that those violations constituted negligence. Violation of traffic laws is, of course, negligence as a matter of law rather than issuable negligence as a matter of fact. *McMichael v. Robinson,* 162 Ga. App. 67, 70 (290 SE2d 168) (1982); *Grubbs v. Duskin,* 118 Ga. App. 82 (1) (162 SE2d 762) (1968).

Viewing the charge on negligence in isolation, as plaintiffs present it, the charge required them to prove that one or more of the allegations of negligence was factually true and, if so, that it constituted negligence and, if so, that it proximately caused plaintiffs' injuries. The negligence per se items are not excluded.

The jury, however, did not hear this extract of the charge in isolation and consequently we will not evaluate it in isolation. See *Johnson v. State,* 164 Ga. App. 429 (2) (296 SE2d 775) (1982); *Williams v. State,* 163 Ga. App. 541 (2) (295 SE2d 212) (1982). A challenged portion of a jury charge must be viewed in context with the related charges and with the charge as a whole. As was stated in *State Hwy. Dept. v. Davis,* 129 Ga. App. 142, 143-44 (1) (199 SE2d 275) (1973): "On review the charge must be considered as a whole and each part in connection with every other part of the charge. A charge, torn to pieces and scattered in disjointed fragments, may seem objectionable, although when put together and considered as a whole, it may be perfectly sound. The full charge being in the record, what it lacks when divided is supplied when the parts are all united. United they stand, divided they fall. More succinctly stated, the rule is that in consideration of allegedly erroneous charges this court must look to the charge in its entirety. If the charge as a whole is not misleading, there is no error." (Citations and quotation marks within the quotation deleted.)

In viewing the challenged portion of the charge in the case at bar in its proper context, we find no error. Immediately after charging on ordinary negligence, the trial court charged the principles of negligence per se, thereby distinguishing the two. The trial court then charged the jury on each traffic law which, if found by the jury to have

been violated, would constitute negligence as a matter of law. Considering this larger extract together with the charge as a whole, we find that it fully and fairly presented the issues and applicable principles of law to the jury. Therefore, we hold that the trial court did not err in denying plaintiffs' motion for new trial.

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED APRIL 27, 1983.

*Rickie L. Brown, Robert B. Adams, Stephen B. Farrow,* for appellants.

*L. Hugh Kemp, Timothy H. Allred,* for appellee.