A89A1172. LASHUA v. TOMLIN et al.
(389 SE2d 767)

BEASLEY, Judge.

Lashua appeals from the judgment in favor of the Tomlins, father and son, on her negligence claim arising from a collision in which her car hit a wall.

The record on appeal consists of pretrial matters including the deposition of Lashua, trial testimony of Clark Tomlin, and the charge to the jury including exceptions.

Viewing the trial evidence in favor of the verdict, it showed that Clark Tomlin drove the family car to the Amtrak station in Atlanta where he parked it at the curb on a side street. Although he did not see "no parking" signs, the place where he parked was in a "no parking" zone. The car remained there for several days while Clark was out of town.

The complaint alleges that Lashua was injured when the parked car created a sudden emergency in her lane of travel, she veered to avoid it, crossed the centerline and struck a wall on the opposite side of the road.

Prior to trial, Lashua submitted numerous requests to charge, including one which read: "Plaintiff must prove that Defendant was negligent in one or more ways in order to recover. It is not necessary for her to prove that Defendant was negligent in every way that she claims, if she tries to show that Defendant was negligent in more than one way. If you find no negligence on the part of Defendant, that ends

Plaintiff's case against him."

After this charge was given as requested, along with several of Lashua's requests dealing with negligence *per se* based on violation of parking laws, Lashua excepted to it, saying that Tomlin admitted he was illegally parked, "and that would be negligence, and that would be an admission and I would ask the Court to, . . . I would ask the Court to recharge them and to tell them, I think I would ask the Court to tell them that there is an admission, . . . that the car was parked illegally and that therefore there would be negligence, it would be a question as to whether or not that negligence was the proximate cause. . . . [I]t seems that where they said we did illegally park they have admitted some negligence. . . ."

The court found that to recharge would cause more confusion than leaving the charge as given.

Setting aside the issue of induced error and waiver by requesting the charge, see *Marlow v. Lanier*, 157 Ga. App. 184 (276 SE2d 867) (1981), we consider the exception, which as enumerated is only to the last sentence, in the context of Tomlin's testimony.

As articulated, it is more in the nature of a motion for partial directed verdict than an objection to the charge as given, i.e., that the issue of negligence should have been removed from the jury's consideration, there having been an admission of negligence *per se*, and only the issue of proximate cause submitted. OCGA § 9-11-50; see *Campbell v. Forsyth*, 187 Ga. App. 352, 353 (1) (370 SE2d 207) (1988). Without such a motion having been made and ruled on, the subject is not presented for our review.

Tomlin's testimony does not reflect any "admission" that he was illegally parked. He parked his car believing it to be in a legal parking space.

Reviewing the charge as a whole and the quoted request in this context, *Mathis v. Mangum*, 166 Ga. App. 415, 416 (304 SE2d 520) (1983), the charge given covered the general principles of negligence and repeatedly covered negligence *per se*. The one sentence causing Lashua problems, in the context of the charge as a whole, could not have confused the jury.

It also appears that the charge may have weighed in Lashua's favor. Tomlin denied negligence and also denied intentionally violating the parking prohibition, so that the jury could have rejected negligence *per se*, *Cox v. Cantrell*, 181 Ga. App. 722, 724 (5) (353 SE2d 582) (1987), and her evidence supported the alternative theory that parking there was reckless and therefore negligent even if not negligent *per se*. See *Abernathy v. State*, 191 Ga. App. 350 (381 SE2d 537) (1989).

Denial of the motion for new trial was not error.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

Decided November 28, 1989 —
Rehearing denied December 15, 1989 — 

*Scheer & Elsner, Robert A. Elsner, Wayne Chatham*, for appellant.

*Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III*, for appellees.