## A90A0147. BROWN v. ANDERSON.
(394 SE2d 599)

BEASLEY, Judge.

Plaintiff Brown was the lessor of restaurant premises to Ms. Shirey, the sister of defendant Louise Anderson. A written lease for one year was entered into between Brown and Shirey. Brown appeals the jury verdict to Anderson on Brown's claim that Anderson was liable under a new lease on these premises and was responsible for the rent after she vacated the premises.

Viewed in favor of the verdict, the evidence was that Ms. Shirey leased the premises for a one-year term ending March 31, 1986 for $1,000 a month. Ms. Anderson desired to take the restaurant over in September 1985 and to assume the lease of her sister. That lease contained a clause requiring written approval of the lessor before any such assumption. Anderson visited Brown and told him she wanted to do so. Shirey had paid the rent through September. When Anderson called on October 3 to ask when the rent was due, she was told by Brown's rental agent/secretary that it was overdue and was advised then that the rent was going to increase to $1,040 or 5 percent of the

gross whichever was greater. Anderson was told a new written lease would be ready to sign when she came to pay the rent. Never having agreed to this increase, Anderson vacated the premises.

Brown's complaint alleged that a new lease for the higher amount had orally been entered into and sought recovery of that amount.

1. Did the trial court err in charging the jury on mutual departure and novation from the terms of the contract, without instructing the jury that Anderson had, as a matter of law, assumed the Shirey lease?

The objection made in the motion for new trial was that the court erred in instructing on novation and temporary departure without having first so informed counsel, which with other charges on the assumption or assignment of the lease confused the jury.

After the charge was given, the only objection voiced by plaintiff was that counsel was concerned by that portion of the charge which instructed the jury that the parties could depart from written terms of a contract by mutual agreement, and that in order to revert to the original terms, written notice must be given. Plaintiff did not reserve the right to make further objections to the charge in the motion for new trial.

"OCGA § 5-5-24 prohibits a party from complaining of the giving or failing to give jury instructions unless it objects before the jury returns its verdict, except where there has been a substantial error in the charge which was harmful as a matter of law." *Dept. of Transp. v. Old Nat. Inn*, 179 Ga. App. 158, 162 (5) (345 SE2d 853) (1986).

The objection was more in the nature of a motion for partial directed verdict than an objection to the charge given, i.e., to instruct the jury that Anderson had assumed the Shirey lease as a matter of law. OCGA § 9-11-50; see *Campbell v. Forsyth*, 187 Ga. App. 352, 353 (1) (370 SE2d 207) (1988). Having made no such motion at trial, this subject is not preserved for our review. *Lashua v. Tomlin*, 194 Ga. App. 3, 4 (389 SE2d 767) (1989).

2. Did the court err in charging on mutual departure (OCGA § 13-4-4) and novation (OCGA § 13-4-5)? The only objection was to the mutual departure charge so only it will be considered.

Lessor took a chameleonesque position during trial, and now, regarding his theory as to which lease he was relying on. At the least, he failed to choose between a theory that changing the party lessee, the lease period, and the rent amount constituted a new oral lease agreement and a theory that the old written lease governed an assignee. He argues that he relied on the assumption by Anderson of Shirey's lease. This is not supported by the record, which shows he contended he was entitled to the higher rent.

The giving of the charge on mutual departure was not supported by the evidence, but its giving was harmless, as the only proof of a

contract put forth by plaintiff lessor was that of an oral agreement with Anderson for the higher rent.

3. Was the evidence insufficient and was plaintiff entitled to a new trial? It was sufficient. *Vulcan Life Ins. Co. v. Davenport*, 191 Ga. App. 79, 84 (2) (380 SE2d 751) (1989); *Campbell*, supra.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MAY 15, 1990.

*Mullins, Whalen & Shepherd, Andrew Whalen III, Newton M. Galloway*, for appellant.

*Don H. Taliaferro*, for appellee.