### 37088. BUTTS v. THE STATE.

TOWNSEND, Judge. 1. Under Code §§ 26-2001 and 26-2002 it is unlawful for one to "go about or upon the premises of another for the purpose of becoming an eavesdropper or a 'Peeping Tom,'" this term meaning one "who peeps through windows or doors, or other like places, on or about the premises of another, for the purpose of spying upon or invading the privacy of the persons spied upon" and the doing of other similar acts tending to invade the privacy of such persons.

2. The evidence in this case, on trial of the defendant for the offense of "Peeping Tom" authorized a finding that he parked an automobile across the street from a lighted residence at about 11 p.m., went up on the front steps of the house and looked through the door, then went around to one side of the house and looked through a window, went around to the other side of the house where the witness could not see him and about 10 minutes later got back in the automobile and left. The defendant denied that the incident occurred. In the absence of any explanation, the reasonable inference from these facts is that a person walking around a lighted house off the street and on the private lot on which the house is situated late at night looking in through doors and windows, is doing so for the purpose of spying upon the privacy of the occupants of the residence, and this whether or not it be shown that any person was actually in any room into which the defendant looked, since, if the gravamen of this offense is spying for this unlawful purpose, and it be shown that the spying took place, and the purpose is inferable from the circumstances of the case, the guilt or innocence of the defendant does not in any sense hang upon a matter of chance as to whether the persons upon whom he sought to spy were actually in his view. Accordingly, the evidence was sufficient to authorize the verdict of guilty, and the trial court correctly refused a request to charge that before the defendant could

466

be convicted it would be necessary for the State to prove that there were persons in the room at the time the defendant committed the acts with which he is charged.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED APRIL 15, 1958.

*Ray & Owens,* for plaintiff in error.
*William B. Skipworth, Jr., Solicitor,* contra.