*General,* for appellee.

## 31507. JACKSON v. THE STATE.

INGRAM, Justice.

Alonzo Jackson appeals his conviction in the Superior Court of Dougherty County of four counts of armed robbery. He was given concurrent sentences of 10 years imprisonment on each count. Appellant argues that the evidence is legally insufficient to support a conviction on one of the counts and that the trial judge improperly limited cross examination of one of the state's witnesses. Appellant also contends that the form on which the jury recorded its verdict and the judge's instruction to the jury about their verdict were prejudicial. We affirm, as we find no error.

The facts are that, on October 8, 1975, a black male, armed with a pistol, entered a laundromat in Albany, Georgia. He ordered the patrons at gunpoint to hand over their wallets. Four of the customers tossed their billfolds to the robber who gathered them up and left the premises. The appellant was later arrested for the crime and was positively identified as the assailant by three of the victims.

Appellant contends in his first enumeration of error that the evidence does not support his conviction on one of the counts because this victim did not see appellant pick up his wallet and could not identify appellant as the robber. However, three eyewitnesses identified appellant as the perpetrator of the crimes. One of them saw this victim throw his wallet to appellant and saw the appellant pick it up. We hold the evidence is sufficient to support the jury's finding of guilt. *Matthews v. State,* 236 Ga. 867 (225 SE2d 896) (1976).

Appellant also contends that the trial court committed reversible error by improperly limiting cross examination of one of the state's witnesses, a police officer. Appellant argues that the trial judge frustrated his counsel's efforts to show bias on the part of the witness and chilled the cross examination by the restrictions he

imposed upon counsel. The transcript shows that the trial judge did permit cross examination of the witness for the purpose of showing bias and limited the questioning only when the responses failed to show any bias. "The scope of cross examination rests largely within the discretion of the trial judge." *Proctor v. State,* 235 Ga. 720, 726 (221 SE2d 556) (1975). There was no abuse of discretion in this case and this contention is without merit.

The final enumeration of error relates to the printed verdict form furnished to the jury and the trial judge's instructions about it. The portion of the form complained of states: "We the jury find the defendant ———— guilty." Appellant argues that this form constitutes an intimation by the trial judge that the defendant is guilty and thus compromises the presumption of innocence doctrine. Appellant further argues that the only permissible form would be that, "We the jury find the defendant not guilty," because this would require an affirmative act by the jury to strike out the word "not," if they find a defendant guilty. It is also argued that the trial judge's instructions regarding the use of the present form were prejudicial. We do not agree. It is clear from the transcript that the trial judge correctly and adequately charged the jury on the presumption of innocence and burden of proof. Additionally, the instructions as to the form of the verdicts the jury could return were correct. The printed forms were provided merely for the convenience of the jury and in our opinion did not intimate any opinion on guilt or innocence as the jury clearly understood their verdict was to be based on the evidence in the case. Cf. *Kearney v. State,* 101 Ga. 803 (7) (29 SE 127) (1897).

*Judgment affirmed. All the Justices concur.*

Submitted September 3, 1976 — Decided September 29, 1976.

*Langstaff, Campbell & Plowden, William L. Swann,* for appellant.

*William S. Lee, District Attorney, Hobart M. Hind, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for

appellee.