## 54276. ROWLES v. THE STATE.

BIRDSONG, Judge.

The appellant Rowles was convicted based upon an affidavit that alleged he committed an offense designated as a "misdemeanor" accompanied by an accusation in three counts alleging that he committed a criminal trespass by remaining upon the grounds of Six Flags over Georgia after having received notice to depart (because of alleged intoxicated condition); simple assault and battery by unlawfully shoving a security guard at Six Flags; and a third charge of public drunkenness. The trial court directed a verdict of acquittal of the public drunkenness, apparently upon the theory that the evidence did not establish the public nature of the area in which the appellant was observed. The jury returned a verdict of guilty as to the other two offenses. Appellant was sentenced to a $250 fine and 12 months in the public work camp, suspended. Rowles brings this appeal enumerating five errors. *Held:*

1. In his first enumeration of error, appellant asserts

that the trial court erred in denying his special and general demurrers to the affidavit and accusation. This error is based upon the allegation that the affidavit charging Rowles with a "misdemeanor" is invalid since it fails to state plainly the offense charged and is contrary to the law establishing the State Court of Cobb County which requires an affidavit to set forth plainly the offense charged. A second basis for the enumeration is that Count 1 alleging criminal trespass does not allege that the offense was committed "knowingly and without authority," as the offense is described in the pertinent statute. Ga. L. 1968, pp. 1249, 1285; 1969, pp. 857, 859 (Code Ann. § 26-1503 (b) (3)).

(a) There was no error in the denial of the general and special demurrers. An affidavit which charges the accused simply with the offense of committing a misdemeanor, at a certain time and in a certain county, is sufficient to support an accusation in the state court of such county, charging the accused with clearly defined and particularized criminal offenses. *Glass v. State,* 119 Ga. 299 (46 SE 435); *Murray v. State,* 30 Ga. App. 641 (1) (118 SE 760). See *Durrett v. State,* 135 Ga. App. 749, 750 (1) (219 SE2d 9). While the accusation cannot be broader than the affidavit, if the affidavit alleges the commission of a crime cognizable by the laws of Georgia, then the accusation may particularize and specify the definite criminal transaction that the large and general phraseology of the affidavit intends to impute to him. *Murphy v. State,* 119 Ga. 300 (46 SE 450); *Dickson v. State,* 62 Ga. 583, 588.

(b) The second facet of appellant's argument proceeds upon the theme that Count 1, alleging criminal trespass, does not use the words "knowingly and without authority." However, the count does allege that Rowles acted " contrary to the laws of this state, the good order, peace and dignity thereof," by remaining upon the premises of Six Flags after being ordered to depart.

The language of the statute setting forth the offense with which the appellant was charged requires that he "knowingly and without authority" remained upon the property of another after receiving notice from the owner's agent to depart. Where the accusation informs the

accused that he had been given notice to depart and thereafter that the accused refused to depart, contrary to the laws of this state and its good order, peace and dignity, and finally that such conduct amounted to an offense cognizable under the laws of Georgia (a misdemeanor), it strains credulity to assert that the accused does not know the specific offense with which he is charged or that such language does not allege criminal misconduct, including necessarily the element of knowledge and lack of authority. Overly technical niceties of pleading are no longer required so long as the accusation is sufficient to be easily understood by the jury or is substantially in the language of the statute. *Cragg v. State,* 117 Ga. App. 133 (159 SE2d 717); *Mealor v. State,* 135 Ga. App. 682 (218 SE2d 683). See Parsons v. United States, 189 F2d 252. Thus an accusation is sufficient if it charges the commission of an offense in plain terms and the nature of the offense is sufficiently described to permit both the accused and the jury to understand the crime charged in the accusation. It is our conclusion that the present affidavit and accusation meet these standards. *Lanthrip v. State,* 235 Ga. 10 (218 SE2d 771). This enumeration of error is without merit.

2. In his second enumeration, appellant urges error by the trial court in its failure to grant the appellant's motion for a directed verdict as to Counts 1 and 2 (the criminal trespass and assault charges). The bases of this enumeration are that appellant was in a state of arrest and therefore was unable to leave the premises as ordered by the owner's agent, and secondly, that he (Rowles) was on the grounds pursuant to a season pass for that in the absence of a tender of the fee paid for such permit, Rowles had a contractual right to be where he was. Appellant further urges that because he was acquitted of the charge of public drunkenness, he had a right to be where he was; the arrest was therefore illegal, and one that he had a right to resist, thus obviating any criminality in his striking the illegally arresting officer.

This enumeration patently is without merit. How or why appellant entered Six Flags is immaterial, as is the fact that the trial court might have acquitted Rowles of the public drunkenness offense because the appellant was

in a restricted area. The fact remains that the owner's agent had ample grounds to remove appellant from the grounds of a public amusement park. See *Adamson v. Hand,* 93 Ga. App. 5 (90 SE2d 669), holding it negligence per se for the proprietor of an establishment open to the public to fail to suppress rowdiness on the part of persons on and about his premises who were drunk and disorderly. The evidence presented to the court indicated that appellant and his companion were drunk, staggering and abusive in language and deportment. Appellant Rowles was repeatedly asked to depart with an escort. Rowles refused to leave. The evidence shows that his season pass was not confiscated until after he had assaulted the security guard and Rowles was placed under arrest for transportation to the local jail (i.e., the option to depart no longer existed). While it may be true that Rowles was not free to stagger alone in a drunken condition through the crowds of guests present at Six Flags, he was not only free to depart with an escort, but he was repeatedly urged to follow that course of action. Moreover, his pass was not unqualified permission by the owner to be present in any condition, lawful or unlawful, but only so long as the holder did not violate the rules of the park. Lastly, there being clear legal grounds for the detention of Rowles, there is no merit in his contention that he had the right to resist an illegal arrest. See *Morton v. State,* 190 Ga. 792, 799 (1a) (10 SE2d 836).

3. In his third enumeration of error, appellant maintains that the trial court erred by charging the full language of the statute, which confused the jury by charging on legal issues not raised by the evidence. It is his contention that because of the failure of the accusation to allege that the refusal to depart was knowing and without authority, the jury would be confused by charging on the law of one who enters for an unlawful purpose or who enters after being informed not to do so.

The short answer to this contention is that there is no evidence that Rowles was denied the right to enter Six Flags or that he entered for an unlawful purpose. The only real issue presented by the state and contested by appellant was whether he was told to leave the premises with an escort and, whether under those circumstances,

the appellant was free to leave. It is not necessary in considering a charge to assume a possible adverse construction, for a charge that is sufficiently clear to be understood by jurors of ordinary capacity and understanding is all that is required. *Merritt v. State,* 110 Ga. App. 150, 153 (137 SE2d 917). Even though not every phrase and portion of the Code section be applicable, it is generally held that a new trial will not be granted if the court gave in charge an entire statute or Code provision where a part thereof is applicable even though a part may be inapplicable under the facts in evidence. See *Ford v. State,* 232 Ga. 511, 517 (12) (207 SE2d 494); *Pippin v. State,* 205 Ga. 316 (9) (53 SE2d 482); *Harrison v. State,* 138 Ga. App. 419, 420 (226 SE2d 480); *Highland v. State,* 127 Ga. App. 518, 519 (1) (194 SE2d 332). Appellant concedes that the charge given was in proper language, but contends that confusion resulted. We will neither impute such an adverse construction to the charge nor give so little credence to the ability of the jury to select that portion of the statute obviously applicable to the facts and issues presented for their determination. This error lacks merit.

4. Enumerations 4 and 5 have validity only insofar as the asserted errors discussed in the first three divisions of this opinion have merit. Having found each of the earlier discussed enumerations of error to be without merit, it follows that the last two are meritless. There being no error in this trial to warrant a reversal or a new trial, the judgment of the trial court is affirmed.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 29, 1977 —
REHEARING DENIED OCTOBER 18, 1977 —

*Wallace C. Clayton,* for appellant.
*Herbert A. Rivers, Solicitor, J. Stephen Schuster, Assistant Solicitor,* for appellee.