## 55618. FAULKNER v. THE STATE.

BANKE, Judge.

The appellant, Frances L. Faulkner, was convicted of the misdemeanor of leaving the scene of an accident which occurred on February 2, 1977. Her motion for new trial on the general and special grounds was denied. She now appeals her conviction.

1. At the onset, the court notes that because of Rule 14 (e) of the Court of Appeals, superseding prior law to the contrary, it has jurisdiction to consider all enumerations raised by the appellant, including those which were grounds for her unappealed and overruled motion for new

trial. See *McFarland v. State,* 137 Ga. App. 354 (1) (223 SE2d 739) (1976).

2. The affidavit on which the accusation charging the appellant with leaving the scene of an accident was based stated only that she had committed a misdemeanor. At trial, the appellant moved to quash the accusation on the ground that the accusation was more broad than the affidavit on which it was based. We rule that it was error for the trial judge to overrule the appellant's motion to quash the accusation. Its supporting affidavit named only the class of crime, and not the offense, with which the appellant was charged. See Code § 27-103; Code Ann. § 27-103.1 (Ga. L. 1964, p. 3216, Section 12 (b)).

Code § 27-103, which has been in force without revision since its enactment by Ga. L. 1865-1866, p. 235, reads as follows: "An affidavit made, or warrant issued, for the arrest of an offender against the penal laws shall state, as nearly as practicable, the following facts, to wit: The offense, the county in which the same was committed, and the time when committed . . ." Nevertheless, in its 1899 decision of *Williams v. State,* 107 Ga. 693 (1) (33 SE 641) (1899), the Supreme Court ruled that "[a]n affidavit which charges the accused simply with the offense of committing a misdemeanor, at a certain time and in a certain county, is sufficient to support an accusation in the county court of such county, charging the accused specifically with selling liquors, and also with contracting to sell, taking orders for, and soliciting the sale of such liquors."

The passage of Ga. L. 1962, pp. 668, 669, revising Code Ann. §§ 27-104 and 27-105, and enacting Code Ann. § 27-103.1, cast doubt on the *Williams* decision. The two revised Code sections consisted of forms to be followed in preparing affidavits and warrants for arrests. Prior to 1962 "substantial compliance" with these forms had been sufficient, but that language was omitted in the 1962 Act. New Code Ann. § 27-103.1 listed certain information which was to be included in the affidavit in addition to that information required by section 27-103. Thus, Judge Eberhardt, writing for this court in *Lovett v. State,* 111 Ga. App. 295 (141 SE2d 595) (1965) concluded that with the passage of the 1962 Act the statutory basis for the

*Williams* decision was eliminated with the result that *Williams v. State,* supra, was no longer controlling precedent.

The legislature, however, again revised sections 27-104 and 27-105 in Ga. L. 1970, pp. 584, 585, by re-inserting the substantial compliance standard. Section 27-103.1 was left intact and remains so to this date. Notwithstanding the relaxation of the necessity for strict compliance with the statutory forms, we find that the 1962 enactment of section 27-103.1 still mandates the conclusion that an accusation supported *only* by an affidavit charging the commission of a "misdemeanor" and not naming the specific offense is legally insufficient and that *Williams v. State,* supra, continues to be noncontrolling precedent. We refer specifically to the last sentence in section 27-103.1 which provides that: "It is the intent of these requirements that the defendant shall be informed of the specific charge against him and of all basic pertinent particulars pertaining thereto," as supporting our decision.

In reaching this decision we have also examined the record in our recent decision of *Rowles v. State,* 143 Ga. App. 553 (239 SE2d 164) (1977) and have determined that it was based on an entirely different factual situation from that in the case sub judice. The *Rowles* decision also involved an appeal from the State Court of Cobb County.

In *Rowles,* a standard printed form containing the affidavit on the top half of the page and the accusation on the bottom half of the page[1] was used. The word "misdemeanor" was pre-printed into the space where the offense with which the defendant was charged should have been filled in. The same standard form was used in this case. The critical difference in the two cases is that in *Rowles* a legally sufficient affidavit for arrest had been previously prepared and the warrant for the defendant's arrest was issued on the basis of that affidavit. The affidavit for arrest, along with the arrest warrant,

---

[1] The affidavit refers to the "facts contained in the within and *foregoing* accusation" whereas the accusation actually *follows* the affidavit on the page.

provided support for the accusation, thereby rendering the "misdemeanor" affidavit merely surplusage. It was in recognition of these facts that the court ruled in *Rowles* that the affidavit charging the accused " . . . with the offense of committing a misdemeanor, at a certain time and in a certain county . . ." was sufficient and not in violation of "the law establishing the State Court of Cobb County which requires an affidavit to set forth plainly the offense charged."

No affidavit or warrant for arrest was included in the record of this case, but because of the inadvertent omission of the facts limiting our decision in *Rowles* that decision appears to uphold the trial judge's denial of the appellant's motion to quash the accusation. The court takes this opportunity to announce expressly that *Rowles v. State,* supra, is inapplicable in all factual situations, such as that presented in this case, where *no* affidavit clearly stating the offense with which the defendant is charged supports the accusation. The appellant's conviction of the offense of leaving the scene of an accident is accordingly reversed. *Lovett v. State,* 111 Ga. App. 295, supra.

3. Notwithstanding our reversal of the conviction in Division 2, we feel it is necessary to address the following enumerations of error raised by the appellant.

(a) The appellant contends that she was prejudiced by the fact that the affidavit went out to the jury room without the jury being instructed that it was not evidence in the case. The judge did so instruct the jury with regard to the accusation. While, practically, we cannot see where any harm resulted to the appellant because of this omission, in the future it would be better practice for the judge to include by name both the affidavit and accusation in his cautionary instructions. This, of course, presupposes that Cobb County, after conforming the affidavit to this decision, continues to use a combined affidavit and accusation standard form.

(b) The appellant has also alleged that the structure of the preprinted jury verdict form was impermissibly suggestive of guilt as it read: "We, the jury, find the defendant [*blank*] guilty." The jury was instructed to circle the word "guilty" or to insert the word "not" into the

blank, depending on the verdict they reached. The court recommends that the jury verdict form be changed to read: "We, the jury, find the defendant (guilty) (not guilty)." The judge could then instruct the jury to cross out the inappropriate verdict.

*Judgment reversed. Deen, P. J., and Smith, J., concur.*

ARGUED APRIL 3, 1978 — DECIDED JUNE 22, 1978 — REHEARING DENIED JULY 10, 1978.

*Spence & Knighton, Judson R. Knighton, William S. Daugherty,* for appellant.

*Herbert A. Rivers, Solicitor, Ray B. Gary, Jr., Assistant Solicitor,* for appellee.