## 59556. CHANCE v. THE STATE.

CARLEY, Judge.

Appellant was convicted of violating Code Ann. § 26-3002, the "Peeping Tom" statute. He appeals.

1. Appellant enumerates as error the denial of his motion for directed verdict. He urges that the state must show that a person is actually spied upon to secure a conviction under the "Peeping Tom" statute. This argument is without merit. Under Code Ann. § 26-3002 it is unlawful while on the premises of another to peep through doors or windows or other like places with the intent or purpose of spying upon or invading the privacy of the persons spied upon. The evidence here shows that appellant was peeping through the lighted window of another at night under compromising circumstances. This supports a finding that appellant's activity was for "the purpose of spying upon the privacy of the occupants of the residence, and this whether or not it be shown that any person was actually in any room into which [appellant] looked, since, if the gravamen of this offense is spying for this unlawful purpose, and it be shown that the spying took place, and the purpose is inferable from the circumstances of the case, the guilt or innocence of [appellant] does not in any sense hang upon a matter of chance as to whether the persons upon whom he sought to spy were actually in his view." *Butts v. State,* 97 Ga. App. 465 (103 SE2d 450) (1958). It is true that *Butts* was decided under a prior, now repealed, "Peeping Tom" statute. However, a comparison between that former statute and our present Code Ann. § 26-3002 demonstrates that the gravamen of the "Peeping Tom" offense is the same under both—prohibiting "a person from peeping through doors, windows, or similar places of another while on another's premises with the intent or purpose to spy on such person or invade his privacy, or going onto another's premises for that purpose. [Cit.]" *Lemon v. State,* 235 Ga. 74, 76 (218

SE2d 818) (1975). The prohibited act is "peeping" with the requisite wrongful purpose or intent. If the act and the intent are in concurrence, the crime is complete regardless of what or who may or may not be subject to the perpetrator's unlawful gaze. The evidence here was sufficient to show that appellant's conduct was in violation of Code Ann. § 26-3002. There was no error in denying the motion for directed verdict.

2. Appellant enumerates error on the printed verdict form appearing on the back of the indictment. It reads: "We the jury find the defendant ———— guilty." In *Perkins v. State,* 151 Ga. App. 199 (3) (259 SE2d 193) (1979), the author of the instant decision, relying on *Faulkner v. State,* 146 Ga. App. 604, 607 (3b) (247 SE2d 147) (1978), found such a verdict form to be impermissibly suggestive of guilt. *Faulkner,* reversing the judgment on other grounds, had recommended that the form be changed to read: "We, the jury, find the defendant (guilty) (not guilty)." *Perkins,* while likewise reversing the judgment on other grounds, held the use of the printed verdict form which had been questioned in *Faulkner* to be harmful error constituting an additional reason for reversal.

The decision in *Perkins,* insofar as it related to the printed verdict form, was not written in contravention of, but, rather, in an unawareness of the controlling decision in *Jackson v. State,* 237 Ga. 663, 664 (229 SE2d 345) (1976), which held such printed forms "were provided merely for the convenience of the jury and . . . did not intimate any opinion on guilt or innocence as the jury clearly understood [from the trial judge's charge] their verdict was to be based on the evidence in the case." In *Perkins* we were not cited to the *Jackson* decision by the state, whose only argument in defense of the use of such a form was that it had been printed before the *Faulkner* decision, and, unfortunately, independent research failed to discover that Supreme Court decision. Had we been cited to *Jackson* or had we found it independently, the issue raised in *Perkins* concerning the printed forms would have been resolved, as in *Jackson,* by determining whether the trial court's instructions on presumption of innocence, burden of proof, and the form of possible verdicts the jury could return were correct. An unawareness of *Jackson* mistakenly induced the holding in *Perkins* that the mere usage of such printed verdict forms was reversible error. Now, having had attention drawn to *Jackson,* which is controlling, we overrule *Perkins* in this regard. Use of a printed verdict form such as in *Faulkner, Perkins* and the instant case is not reversible error absent erroneous instructions to the jury misleading them as to their duty and function to return a verdict of guilt or innocence based on the evidence in the case.

Here, there was no error in the trial court's instructions to the jury regarding appellant's presumption of innocence, the state's burden of proving guilt beyond a reasonable doubt, the possible verdicts that could be returned, and how their verdict should be entered on the printed form. There was no error in the use of the printed verdict form. *Jackson v. State,* 237 Ga. 663, supra.

*Judgment affirmed. Deen, C. J., Quillian, P. J., McMurray, P. J., Smith, Shulman, Banke, Birdsong and Sognier, JJ., concur.*

SUBMITTED MARCH 3, 1980 — DECIDED APRIL 16, 1980 —
REHEARING DENIED MAY 7, 1980 —

*G. Hughel Harrison,* for appellant.
*Bryant Huff, District Attorney,* for appellee.