## 59600. HUDSON v. THE STATE.

SMITH, Judge.

Appellant was convicted of possession of marijuana with intent to distribute. He appeals on the general grounds, asserting that the evidence was insufficient to support a finding of intent to distribute. In addition, appellant contends the form on which the jury wrote its verdict ("We the Jury find the Defendant —— guilty.") was unduly suggestive of appellant's guilt. We affirm.

1. Viewing the evidence in a light most favorable to the verdict, the jury finding of intent to distribute, though based on circumstantial evidence, must be upheld. The police arrived at appellant's girl friend's apartment, where appellant spent much of his time, in order to conduct a search of the premises. After knocking on the front door, the police heard a "walking away" noise and the sound of a toilet flushing. The front door of the apartment was then kicked open. When police entered the apartment, appellant and his girl friend were coming from the bathroom. A plastic bag and traces of a green leafy substance were retrieved from the toilet. Appellant had a green leafy substance on his wet arms. A towel in the bathtub was also covered with a green leafy substance.

The search of the apartment resulted in the confiscation of 24 manila envelopes found under the bed mattress. Five of the envelopes contained a green residue. The officers also found an open box of small plastic bags on the dining room table. A small amount of a green leafy substance was found lying next to the box.

A search of the vehicle which appellant drove resulted in the seizure of between one-quarter and one-half ounce of a green leafy substance. Numerous small manila envelopes were found in the trunk of the vehicle.

The green leafy substance seized by police was later determined to be marijuana. Although the total amount of marijuana seized was less than one ounce, appellant admitted that he flushed marijuana down the toilet prior to the entry of police. See *Smith v. State,* 139 Ga. App. 515, 518 (228 SE2d 705) (1976).

A police officer testified that "in this area . . . about the only way I have seen marijuana packaged is in that type [State's Exhibit 1] of manila envelope." The officer also testified he has seen marijuana packaged in small plastic bags.

On the basis of this evidence, a rational trier of fact could

reasonably conclude (1) that appellant possessed marijuana, (2) that some of the marijuana in appellant's possession had been placed in manila envelopes, (3) that the marijuana had been placed in manila envelopes for purposes of distribution and (4) that appellant knew of and participated in the packaging of the marijuana for purposes of sale. In our view, the evidence was such as to exclude every reasonable hypothesis save that of appellant's guilt of the offense charged. See *Hughes v. State,* 150 Ga. App. 90 (256 SE2d 634) (1979).

2. Appellant's contention that the form on which the jury entered its verdict is unduly suggestive of appellant's guilt is controlled adversely to him by *Jackson v. State,* 237 Ga. 663, 664 (229 SE2d 345) (1976). *Perkins v. State,* 151 Ga. App. 199 (259 SE2d 193) (1979), relied upon by appellant, is in conflict with *Jackson v. State,* supra, and will not be followed. See *Chance v. State,* 154 Ga. App. 543 (1980).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

ARGUED MARCH 12, 1980 — DECIDED MAY 12, 1980.

*Jerry W. Brimberry,* for appellant.
*William S. Lee, District Attorney, Hobart M. Hind, Richard L. Hodge, Assistant District Attorneys,* for appellee.