## 61192. HART v. THE STATE.

QUILLIAN, Chief Judge.

Tried, for murder, defendant appeals his conviction for voluntary manslaughter. *Held:*

1. Error is claimed because the trial court did not remove a juror for alleged misconduct.

After deliberating for about one hour the jury was recessed for the night. Defense counsel then informed the court that as the jury was leaving a woman juror came up to him and tearfully told him that she was upset by defense counsel's argument concerning a person who had died of cancer because her husband had just died of cancer, and wished that he would not do that in the future. The defense motion that the juror be removed for this reason was denied. No motion for mistrial was made. Thereafter, and before a verdict was returned, defense counsel advised the court that he had information that the same woman juror had been seen in the ladies restroom during a recess, upset, crying and making the same complaint to another woman about defense counsel's argument. No request for relief was made because of this information.

Defendant's contention is that the juror should have been removed from the deliberations because of her conversation with the counsel and that a motion for a new trial should have been granted because the juror had a conversation with the alleged victim's aunt and uncle during a recess.

During the motion for a new trial defendant presented the testimony of several witnesses who related the juror's conversation with another juror in the restroom complaining about defense counsel's argument and then, when she left the restroom also complaining about the same thing to the victim's aunt and uncle in the hall outside the restroom. One witness stated that the juror told the aunt and uncle that she had already made up her mind but other witnesses dispute that.

While the evidence indicated that the conduct of the juror was probably improper, it also showed that it was not harmful to the defendant as there was no evidence of any discussion of the facts of the case or of any attempts to influence the juror.

"Ordinarily motions for mistrial because of improper conduct of jurors or parties are addressed to the sound discretion of the trial judge." *Emory University v. Lee,* 97 Ga. App. 680 (2) (104 SE2d 234).

Unless there is an abuse of discretion concerning the trial court's ruling on alleged improper juror conduct, the appellate court will not upset the trial judge's determination. *Bennett v. State,* 86 Ga. App. 39 (2) (70 SE2d 882).

In this case we find that the trial court did not abuse its discretion in refusing to remove the juror.

2. At the end of the first day of deliberations, a juror was excused by agreement of counsel because of the hospitalization of her husband. At the defense counsel's suggestion the state also agreed at that time to proceed with only 10 jurors in the event another juror was lost. Defense counsel summarized the agreement as follows: "The

State and I agreed yesterday in an effort to try to reach a verdict in the case — and final disposition so that there would not be a mistrial to go with ten jurors in the event anyone else was further disqualified from sickness, because of the weather and unable to get here or any other reason."

On the next and final day of deliberations the then 11 person jury came into the courtroom several times indicating that it was divided 10 to 1. The jury finally presented the trial court with a note stating that it had come to the jurors' attention that one of the juror's had signed defendant's bail bond and that this was interfering with their coming to a unanimous decision. After ascertaining that juror Stancil had in fact signed defendant's bond, the trial court granted the state's challenge for cause of Stancil over defense objection that Stancil was not disqualified. Defendant then moved for a mistrial on the ground that the removal of the juror "could only be construed to indicate that the defense and namely (defendant) had participated in an illegal or improper procedure in that Mr. Stancil was allowed to sit and serve when this was known to (defendant) that he was the bail person and that he was legally disqualified." Defendant also asked for a hearing to determine if Stancil was in fact in favor of defendant. The request for hearing and motion for mistrial were denied.

Defendant contends that the trial court erred in untimely removing the juror from the panel during deliberations and argues that no proof was offered that juror Stancil unfairly affected the other jurors' deliberations or was otherwise disqualified, and that he had not agreed to the removal of the juror by virtue of the agreement of counsel to proceed with 10 jurors if necessary.

The facts remain, however, that the defense had agreed to proceed with 10 jurors, if another was lost "for any reason"; that defendant was free on bond; and that juror Stancil had signed the bond. *Anderson v. State,* 63 Ga. 675 (1), held that one who acts as a defendant's bail is not a competent juror to try him if objected to by the state and may be challenged for cause. And a challenge for cause may be made after the jury is sworn, if the ground for the challenge was not known until after the jury was sworn. *Schnell v. State,* 92 Ga. 459 (17 SE 966); Cf. *Howell v. State,* 28 Ga. App. 501 (2) (111 SE 676).

Accordingly, the trial court did not err in removing the juror.

3. It is claimed that a motion for new trial should have been granted because the defendant's bail bond, which had been signed by the juror in the foregoing division, was sent to the jury. This claim is based upon the assumption that the bond must have been with the jury because the jury was aware that one of the jurors had signed the bond and because the bond was found in the courtroom after the trial was over with other papers that had been sent to the jury. We find no

merit in this claim. The evidence does not affirmatively establish that the bond was with the jury and the juror who signed the bond could have told the jury of that fact. Even if the bond was with the jury we find no prejudice to the defendant resulting therefrom.

4. Defendant's contention that the verdict form supplied to the jury was impermissibly suggestive because of the holdings in *Faulkner v. State,* 146 Ga. App. 604 (3) (247 SE2d 147) and *Perkins v. State,* 151 Ga. App. 199 (3) (259 SE2d 193) is without merit. *Chance v. State,* 154 Ga. App. 543 (2) (268 SE2d 737) overruled *Perkins v. State,* in this regard and stated that the controlling authority was *Jackson v. State,* 237 Ga. 663, 664 (229 SE2d 345), which held that such verdict forms are not impermissibly suggestive. See also *Hudson v. State,* 154 Ga. App. 594 (2) (269 SE2d 89).

5. There was no error in failing to charge on involuntary manslaughter by committing a lawful act in an unlawful manner, Code Ann. § 26-1103 (b) (Ga. L. 1968, pp. 1244, 1276), as there was no request for such a charge. *State v. Stonaker,* 236 Ga. 1 (2) (222 SE2d 354); *Gilliam v. State,* 245 Ga. 708 (3) (267 SE2d 8).

6. In the remaining enumerations defendant contends that the trial court erred in limiting his appeal bond to 90 days and failing to hold a *Birge v. State,* 238 Ga. 88 (230 SE2d 895), hearing on an application for extension of the 90 day appeal bond, which resulted in defendant's incarceration. Since defendant was subsequently granted an appeal bond and we affirm his conviction the issue is now moot. *Lawson v. State,* 242 Ga. 744 (2) (251 SE2d 304).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 3, 1981 —
REHEARING DENIED MARCH 2, 1981 — 

*Douglas W. McDonald,* for appellant.
*V. D. Stockton, District Attorney,* for appellee.