## A89A0848. CLEVELAND v. THE STATE.
(386 SE2d 169)

BEASLEY, Judge.
Following denial of his motion for new trial, Carl Cleveland appealed his conviction and sentence for violation of the Georgia Controlled Substances Act by selling cocaine, OCGA § 16-13-30 (b).

1. Appellant contends that the verdict was against the weight of the evidence and without evidence to support it in that there was no proof that he sold cocaine to the GBI agent other than the agent's testimony and no evidence that placed him at the scene or in the county of the transaction on the day in question.

The undercover GBI agent testified that she traveled with a confidential informant to a car wash in Butts County. The informant pointed Cleveland out and the agent and the informant pulled over to the side of the street at the car wash and began a conversation with Cleveland. The informant introduced defendant to the agent as "Carl."

The informant asked Cleveland if he could "get anything" for them. Cleveland asked what the informant wanted. At that time the agent told Cleveland that she "wanted to get a half a gram." Cleveland stated that he did not have anything on him; it would take about fifteen to twenty minutes.

The agent asked Cleveland where he wanted her to meet him, and Cleveland responded at his residence. The informant and the agent knew where Cleveland's residence was. The agent had been there before to purchase drugs but had not seen Cleveland because he was not at home. The agent and informant agreed to meet at Cleveland's residence. The agent also asked how much it would cost and Cleveland said $140.

The agent and informant drove to a parking area behind Cleveland's residence. When they approached there were several people with Cleveland. The two waited a few minutes and beeped the horn. Cleveland came over to the agent and handed her a small clear plastic bag containing what was later confirmed as cocaine. The agent handed him $150. Cleveland gave the agent $10 change.

The GBI "cover agent" corroborated much of his colleague's testimony including a positive identification of Cleveland as the participant in the drug transaction.

The evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court abused its discretion in failing to take remedial action or grant his mistrial motion as a result of juror misconduct. He maintains that the jury foreman discussed the case with co-workers, depriving him of a fair and impartial jury as guaranteed by Ga. Const. 1983, Art. I, Sec. I, Par. XI.

After the close of evidence, defendant asserted that following an overnight recess during which the jurors were instructed not to discuss the case with anyone whether or not the person was connected with the case, juror White might have discussed his case with a non-juror to the effect that his (White's) mind was already made up before the trial got started.

Defendant called non-juror Miller as a witness. Miller testified that he and White both drove school buses and when he went to clock in at the bus shop, he heard White telling co-workers how attractive the GBI agent was. Miller stated that he asked White whose case he was on, and that White responded "Carl Cleveland" and "Well, he'll

probably get some time," because the jury had discussed how it was going to give him some time. During questioning by the State, Miller further testified that White had not discussed anything about the facts of the case or any testimony.

The court called juror White. He testified that several people at work asked him whether the case was still going on and he had responded that it was but he could not discuss it. A co-worker said, "They're going to clean up Butts County." White responded, "Yeah, I guess so." The co-workers began to talk about Cleveland. White said he did not know Cleveland. As White got ready to leave, another worker said, "a black guy that goes out there and gets involved in dope and everything and they got busted." White responded, "It don't make no difference if you're black or white," and "If you get caught, you should do time." White left.

White further testified he did not discuss the facts of the case with anyone and he had not made any statement that he and the other jurors had already decided the defendant's guilt and defendant was going to serve some time. He stated the only comments he made about the GBI agent were to the effect that she was a nice-looking young lady.

White responded, to the court's questioning, that nothing transpired at the bus garage that would affect his ability to be fair and impartial in the case, that he believed he could be as fair and impartial as he indicated when he was selected as a juror, that nothing occurred outside of court which affected his ability to be fair and impartial, that he had not had any other discussion with anyone about the case, and that he had not discussed what transpired at the bus garage with any other juror.

The court permitted White to return to the other jurors with the instruction that he was not to relate what transpired at the hearing.

Defendant moved for a mistrial. The court denied the motion finding that the testimony overcame any presumption of harm to defendant, that any mention of the case was so cursory in nature as to have no effect on juror White's ability to be fair and impartial, that from the evidence as a whole the merits of the case were not discussed with anyone, and that nothing improper occurred sufficient to grant a mistrial. The court asked if there was anything further before the jury was returned for the court's charge and defense counsel replied there was not.

"There is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred. [Cit.] . . . some irregularities are inconsequential. [Cit.]" *Lamons v. State*, 255 Ga. 511, 512 (340 SE2d 183) (1986). A mistrial is not always required when there is juror misconduct. See *Rogers v.*

*State*, 256 Ga. 139, 145 (6) (344 SE2d 644) (1986); *Hardy v. State*, 242 Ga. 702, 704 (3) (221 SE2d 289) (1978); *Jones v. State*, 185 Ga. App. 649, 651 (3) (366 SE2d 144) (1988).

" 'Ordinarily motions for mistrial because of improper conduct of jurors or parties are addressed to the sound discretion of the trial judge.' [Cit.]

"Unless there is an abuse of discretion concerning the trial court's ruling on alleged improper juror conduct, the appellate court will not upset the trial judge's determination. [Cit.]" *Hart v. State*, 157 Ga. App. 716, 717 (1) (278 SE2d 419) (1981).

The court conducted a thorough hearing regarding the out-of-court communication at which both defendant and the State had ample opportunity to question the witness and the offending juror. Such testimonial evidence was an acceptable means to rebut a presumption of harm. *Hardy v. State*, supra at 704 (3). The evidence showed that the juror's conduct had not prejudiced him nor affected any other juror. No abuse of discretion in denying the motion for mistrial is demonstrated nor did the court err in not taking further remedial action. None was requested. No instruction in this regard to the remaining jurors was required as there was no evidence they were aware of their fellow juror's out-of-court statements. No constitutional error as raised, occurred.

3. Appellant contends the trial court erred in failing to instruct the jury not to infer guilt or innocence from comments about two bomb threats during trial and not to assume that he was responsible for them.

Appellant takes issue with two comments. The first was made by the State during an objection to certain cross-examination of the GBI agent who made the drug buy. The agent was asked how much she knew about the confidential informant. The State objected to the line of questioning on the basis that it would tend to identify the informant and thus endanger his or her life, adding, "We've already had a bomb threat in this courthouse this morning and we object to any more questions about the confidential informant in this case." Defendant made no objection to the bomb threat statement.

The second comment was made by the court as it recessed for the day. After stating that it was a good time to recess, the court said, "We've probably had about as much excitement as we can stand." Again no objection was made. In fact, after completing the parting instructions and releasing the jury, the court specifically asked counsel if there was anything else before recessing and both the State and defendant responded there was nothing.

Having failed to object to the statements below, appellant cannot urge error. *Williams v. State*, 255 Ga. 97, 100 (4) (335 SE2d 553) (1985). Moreover, appellant made no request for instruction to the

jury about the bomb threats and stated he had no objections to the charge as given. *Gaines v. State*, 177 Ga. App. 795, 796 (1) (341 SE2d 252) (1986), is non-precedential but persuasive.

In any event, there was no suggestion that the bomb threats were indirectly or directly caused by appellant or linked to him. The jury was adequately instructed regarding the presumption of innocence and the State's burden of proof. Under these circumstances, the two comments caused appellant no harm.

4. Appellant contends that the GBI agents were erroneously permitted to reveal that they were summoned to the county to do an undercover investigation, which prejudiced his case by implying there was drug activity there and some wrongdoing by him.

Failure to object at trial waived the alleged error. *Bridgers v. State*, 183 Ga. App. 98, 99 (1) (357 SE2d 894) (1987).

In any event, at the beginning of trial, pursuant to appellant's motion, the court instructed the State's witnesses not to mention a list of local persons suspected of involvement in drug activities, which had been compiled by local law enforcement personnel. Following the instruction, appellant responded that it adequately covered the area of concern. The State's witnesses abided by the court's ruling and refrained from reference to the list. Had appellant wished suppression of the fact that the agents had been called in as part of an undercover drug operation, he could have so moved the court. Moreover, appellant has failed to demonstrate how he was harmed by the information.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 5, 1989.

*Arleen E. Gardenhire*, for appellant.
*E. Byron Smith, District Attorney, Edwin J. Wilson, Assistant District Attorney*, for appellee.