951 F.2d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert ZIMMERMAN, Michael Secter, Plaintiffs-Appellants,
v.
James NAKATANI, et al., Defendants-Appellees.
 No. 90-16158.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 6, 1991.
Decided Dec. 19, 1991.
 
 Before ALARCON, D.W. NELSON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Lee Zimmerman, a candidate for the United States Senate, and Michael J. Secter, Zimmerman's campaign manager, were arrested for trespassing after attempting to distribute campaign literature at the 1988 Hawaii State Farm Fair. Zimmerman and Secter sued the City and County of Honolulu, the Mayor of Honolulu, and the Chief of Police [hereinafter City Defendants] as well as officials of the State of Hawaii [hereinafter State Defendants] and members of the Hawaii Farm Bureau Federation [hereinafter Farm Bureau Defendants] pursuant to 42 U.S.C. § 1983 for conspiracy to violate their civil rights. They also sued the City Defendants and Farm Bureau Defendants for false arrest, malicious prosecution, infliction of emotional distress, assault and battery, and defamation.
 
 
 3
 The district court granted the City Defendants' motion for summary judgment as to the plaintiffs' section 1983 and state tort claims. The court found no evidence of a municipal policy tolerating unconstitutional police conduct. The court determined that the police had probable cause to arrest plaintiffs. Zimmerman and Secter now appeal from the district court's judgments in favor of the City Defendants. We affirm.
 
 I. DISCUSSION
 A. Citizen's Arrests
 
 4
 A grant of summary judgment is reviewed de novo. See Schneider v. TRW, Inc., 938 F.2d 986, 989 (9th Cir.1991). Thus, we must determine independently whether a genuine issue of material fact exists precluding summary judgment. The City Defendants argue that summary judgment was proper because no state action was involved. They contend that the record shows that Zimmerman and Secter were not arrested by Honolulu police officers. James Nakatani, President of the Hawaii Farm Bureau Federation, arrested Zimmerman for trespassing on July 2, 1988. Gerald Lee, head of security for the Fair, arrested Secter for trespassing the next day. Zimmerman and Secter allege that the police advised Bureau officials to arrest them. Therefore, state action was involved in making the citizens' arrests in violation of section 1983. The district court held that state action was likely to be involved in the citizens' arrest because of the extensive police involvement.
 
 
 5
 In determining whether state action was involved in the making of a citizen's arrest, we "examine[ ] all of the circumstances surrounding the challenged action 'in their totality.' " Collins v. Womancare, 878 F.2d 1145, 1150 (9th Cir.1989) (citations omitted), cert. denied, 493 U.S. 1056 (1990). We have determined that state action is present in citizen's arrests "where a private party is 'a willful participant in joint action with the State or its agents. Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions.' " Id. at 1154 (citations omitted). In Howerton v. Gabica, 708 F.2d 380 (9th Cir.1983), we concluded that the record showed state action where police officers "were on the scene at each step of the eviction" and a police officer visited the tenants on his own initiative to warn them to leave. Id. at 384.
 
 
 6
 Reviewing the facts in the light most favorable to Zimmerman and Secter, the record shows that the police and the fair officials had extensive private discussions, after which the police officers advised Bureau officials that they could utilize a citizen's arrest procedure if Zimmerman persisted in handbilling. The police instructed Hawaii Farm Bureau Federation agents how to effect a citizen's arrest. Furthermore, the record shows that Sergeant Anami informed Zimmerman and Secter that they should stop handbilling or face arrest. We conclude that a reasonable jury could find that state action was present in the citizen's arrests because the police officers substantially cooperated with the Bureau officials in removing Zimmerman and Secter from the Fair.
 
 B. Probable Cause to Arrest
 
 7
 Zimmerman and Secter contend that the City should be liable under section 1983 because the police department's policy of analogizing the Hawaii State Farm Fair to a shopping center "fails to require [that] the officer ... make an adequate investigation or take into consideration the possibility that constitutional restrictions may prevent certain actions from constituting a trespass." Appellants Reply Brief at 12.
 
 
 8
 This argument is without merit. We agree with the district court that the City is not liable under section 1983 because the police officers had probable cause to arrest the appellants. Probable cause exists when the facts and circumstances within an officer's personal knowledge acquired at the time through his senses, or inferences properly drawn from such knowledge, are "sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); see also House v. Ane, 538 P.2d 320, 325 (Haw.1975). The record shows that the officers who were called to the scene examined the use permit before any arrests were made. The use permit provided that the Hawaii Farm Bureau Federation could use the school grounds, including the cafetorium, gymnasium, and athletic facilities, for the duration of the Fair. The police officers believed that the permit gave Fair officials exclusive control over the school grounds during the Fair.
 
 
 9
 Fair officials informed the police that the fairgrounds were being used for commercial purposes. The officers consulted with their superiors at headquarters, prior to recommending that Fair officials institute a citizen's arrest. They were advised by Lieutenant Thomas and Major Granito that the situation was analogous to trespasses occurring in shopping center cases and that a citizen's arrest procedure was warranted. These facts provided probable cause to believe Zimmerman and Secter were trespassing on property temporarily in the possession of the Hawaii Farm Bureau Federation. "The fact that it later turns out that [the officers] were mistaken in their belief would not convert the arrest based upon probable cause into an unlawful one." House, 538 P.2d at 326.
 
 
 10
 Zimmerman and Secter also contend that their first amendment right to distribute literature at the Fair was so obvious that their arrests were clearly without probable cause. We disagree. It is not clearly evident from the use permit and the facts known to the officers before the arrest that the Fair was a limited public forum. In order to determine that the Fair was such a forum, the police would have had to be familiar with legal considerations beyond the scope of their training. Police officers are not expected to understand the legal complexities involved in determining the existence of state action in private conduct and to assess these complexities during their field investigations. See Radich v. Goode, 886 F.2d 1391, 1398 (3rd Cir.1989) ("[W]e cannot impose upon a police officer or a city official authorizing the arrest policy the duty to correctly predict how a court will answer this unresolved and complex legal issue."); Saldana v. Garza, 684 F.2d 1159, 1165 (5th Cir.1982), cert. denied, 460 U.S. 1012 (1983) (police officers "cannot be held to ... a legal scholar's expertise in constitutional law.").
 
 
 11
 Appellants further assert that the officers had no probable cause to believe Zimmerman was a trespasser because he was not passing out handbills. The record shows that the handbills were distributed by Zimmerman's campaign manager and referred to Zimmerman's candidacy. These facts were sufficient to establish probable cause to believe that Zimmerman aided and abetted Secter in distributing handbills in violation of the request that such activity cease on property leased to the Hawaii Farm Bureau Federation.
 
 
 12
 Zimmerman further claims that no probable cause existed to believe that he was a trespasser because he purchased a ticket to attend the Fair. The purchase of a ticket did not entitle him to remain on the premises after he insisted on engaging in conduct prohibited by Farm Fair policy. See Rowles v. The State, 143 Ga.App. 553, 239 S.E.2d 164 (1977) (pass to amusement park permits ticket holder to remain only so long as he or she does not violate the rules of the park).
 
 
 13
 The record shows that the officers conducted an adequate investigation prior to the arrests. Therefore, the City Defendants are not liable under section 1983. In City of Los Angeles, et al. v. Heller, 475 U.S. 796 (1986) (per curiam), the Supreme Court held that a municipality cannot be held liable under section 1983 if the individual employees' actions, which are the basis of suit, have been determined not to inflict a cognizable injury under section 1983 upon the plaintiffs. See id. at 799. The Supreme Court concluded in Heller that under such circumstances "it is inconceivable that [the city and the police commission] could be liable to [the plaintiff]." Id. Similarly, the district court correctly dismissed Zimmerman's state law claims because a finding that the police officers had probable cause to arrest bars holding the City liable for false arrest, malicious prosecution, or assault and battery. See House v. Ane, 538 P.2d 320, 325 (Haw.1975) (probable cause is an affirmative defense to a claim for false imprisonment); Myers v. Cohen, 688 P.2d 1145 (Haw.1984) (claim of malicious prosecution established only if proceedings were initiated without probable cause); Wilcox v. U.S., 509 F.Supp. 381, 386 (D.C.1981) (probable cause is a defense to assault and battery so long as force used was reasonable).
 
 
 14
 The district court's grant of summary judgment in favor of the City Defendants is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3